PARK CONSTRUCTION COMPANY, INC. *vs.* THOMAS F. MORAN.

MAY 28, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an action of assumpsit. After a jury trial in the superior court a verdict was returned for the plaintiff for $550.47. Thereafter the trial justice denied the defendant's motion for a new trial and a bill of exceptions was duly prosecuted by him to this court. He is now pressing several exceptions to the rulings of the trial justice on evidentiary questions and to his denial of the above motion.

It appears from the evidence that in May 1944 the parties entered into a written contract by the terms of which, as finally modified, the plaintiff was to paint, renovate and repair certain portions of the interior of a large dwelling house owned by the defendant and located in the town of Narragansett. After doing this work the plaintiff was to be paid $3040. The contract contained, among others, the following provisions: "Any differences of opinion regarding the interpretation of the work as herein specified shall be referred to a reputable architectural firm for a decision such as Coolidge, Shepley, Bulfinch and Abbott, Boston, Massachusetts, or any firm engaged in some phase of the construction industry acceptable to both parties. Expenses incurred shall be borne equally by both parties. We assume that fire insurance is carried on this building. We have figured no fire insurance and will not assume any responsibility for damages which might be caused as a result of fire during the progress of the work."

The evidence shows that the work was allegedly completed by the plaintiff in July 1944 when it was inspected by the defendant and his attorney and at that time the plaintiff was paid $2500. However, they raised a question as to whether or not certain of the floors had been properly finished according to the contract, and that matter was finally submitted to an arbitrator who, in October 1944, reported in substance that all the floors but one were satisfactory and for that one he made an allowance to the defendant of $25 which the parties accepted. Further it is admitted that the plaintiff refused to paint certain closets on the second floor of the house contending that such work was not covered by the contract. This matter was not submitted to the arbitrator. Also the evidence was in sharp conflict as to whether the plaintiff had properly reconnected certain radiators and electric fixtures after painting or whether that work had to be done later by the defendant.

In this case the plaintiff sued to recover the unpaid balance with interest. The declaration contained the

common counts and a separate count based on the written contract entered into by the parties. No special pleas were filed by the defendant who relied on the plea of the general issue only.

Defendant's first two exceptions are to rulings by the trial justice sustaining the plaintiff's objections to questions asked in cross-examination of one of its witnesses. These questions related to two items, one for $275 for supervision and overhead, and the other a so-called contract fee of $305. It was shown that these items did not appear in the contract as finally entered into and which contained merely a lump sum for doing the work, but that such items were contained in a prior unaccepted proposal made by the plaintiff to the defendant respecting the work in question. In these circumstances we are of the opinion that the rulings of the trial justice in this connection were correct. All previous negotiations and proposals clearly were merged in the contract as finally executed. These two exceptions are overruled.

The defendant's remaining evidentiary exceptions relate to testimony and an offer of proof concerning a fire which occurred, apparently in the latter part of July 1944 after the work was completed, in a pile of sawdust which had been left by the plaintiff's employees in the back yard of the defendant's premises near the house. This pile was allegedly caused by the plaintiff's workmen throwing out of the windows in the rear of the building the dust and scrapings from the sanding operations on the hardwood floors. This sawdust eventually became wet and a fire started therein from spontaneous combustion, damaging the kitchen. Testimony respecting the above incident was attempted to be introduced by the defendant but was excluded by the trial justice on the plaintiff's objection thereto, and the defendant also made an offer of proof along the lines above indicated but it was denied by the trial justice.

The plaintiff was undoubtedly under the duty of performing the work of painting, renovating and repairing the interior of the defendant's house in accordance with the terms of the contract and in a workmanlike manner. However, the disposal of waste sawdust and scrapings due to the sanding of the floors was not referred to in the contract specifically or by implication, and in our judgment was not, under a proper construction of the contract, included in the actual renovating and repairing of the house itself. That work as contracted for and the handling of waste material after the work was done were two distinct and different matters. Nevertheless if it could be considered that the removal of the sawdust was incidental to the sanding of the floors and should therefore be done under the contract in a workmanlike manner, then it would appear that any controversy between the parties as to whether or not this had been done, was a question which, under the terms of the contract, should first have been submitted to the arbitrator. That was not done.

However, it seems clear that the defendant in offering evidence of the nature hereinbefore referred to was primarily attempting to set up as a defense in an action of assumpsit for the recovery of a balance due under the contract a claim that the plaintiff's employees were negligent in disposing of the sawdust in the manner described, which negligence caused damage to his house. In our opinion he was thus offering evidence to support a claim which was entirely independent of the work to be done under the contract sued on and was of a different nature. This he plainly should not be allowed to do. Here he had filed no special plea or statement by way of defense. We have examined the case of *Bishop Co.* v. *Curran & Burton,* 30 R. I. 504, cited to us by the defendant, and find that it is clearly distinguishable factually and in its travel from the instant case. From whatever angle his tender of evidence and offer of proof may be viewed we find that the trial

justice ruled correctly in excluding them, and the defendant's exceptions under consideration are overruled.

In passing upon the defendant's motion for a new trial the trial justice clearly exercised his independent judgment and performed his duty according to established law. In his rescript he referred to the conflicting testimony respecting the painting of closets and the reconnecting of radiators and electric fixtures as bearing upon the question whether the contract had been completed in a workmanlike manner by the plaintiff, and he also stated that the issue was largely one of credibility. He found that the verdict was supported by a fair preponderance of the evidence and did justice between the parties. No claim is made that he misconceived or overlooked any evidence, and in our opinion we cannot say that his decision denying defendant's motion was clearly wrong. The exception to such decision is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment for the plaintiff on the verdict.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for plaintiff.

*Charles A. Kiernan,* for defendant.